_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
January 30, 2013

**PITE DUNCAN, LLP**
ACE C. VAN PATTEN (NV Bar #11731)
MATTHEW M. MCARTHUR (NV Bar #11649)
EDDIE R. JIMENEZ (NV Bar #10376)
701 Bridger Avenue, Suite 700
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: ecfnvb@piteduncan.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for WELLS FARGO BANK, N.A., S/B/M TO WACHOVIA MORTGAGE, FSB A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA – LAS VEGAS DIVISION**

| | |
|---|---|
| In re<br><br>DAX RAMOS AND GLENDA L. RAMOS-RIVERA,<br><br><br><br>Debtors. | Case No. 12-19682-MKN<br><br>Chapter 11<br><br>**ORDER ON STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A., S/B/M TO WACHOVIA MORTGAGE, FSB A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |

1. The parties having agreed to the terms set forth in the Stipulation Re: Treatment of Wells Fargo Bank, N.A., s/b/m to Wachovia Mortgage, FSB a division of Wells Fargo Bank, N.A., and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB's Claim under Debtor's Proposed Chapter 11 Plan of Reorganization are bound by the terms of their stipulation. The stipulation, filed on January 29, 2013, docket number 67, is hereby approved and made an order of the court.

###

Respectfully Submitted by:

/s/ Ace C. Van Patten
ACE VAN PATTEN
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
NV Bar #11731
Attorneys for WELLS FARGO BANK, N.A., S/B/M TO WACHOVIA MORTGAGE, FSB A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB

**PITE DUNCAN, LLP**
ACE C. VAN PATTEN (NV Bar #11731)
MATTHEW M. MCARTHUR (NV Bar #11649)
EDDIE R. JIMENEZ (NV Bar #10376)
701 Bridger Avenue, Suite 700
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385
E-mail:  ecfnvb@piteduncan.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for WELLS FARGO BANK, N.A., S/B/M TO WACHOVIA MORTGAGE, FSB A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - LAS VEGAS DIVISION

| | |
|---|---|
| In re<br><br>DAX RAMOS AND GLENDA L. RAMOS-RIVERA,<br><br>Debtors. | Case No. 12-19682-MKN<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A., S/B/M TO WACHOVIA MORTGAGE, FSB A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |

This Stipulation is entered into by and between Secured Creditor, Wells Fargo Bank, N.A., s/b/m to Wachovia Mortgage, FSB a division of Wells Fargo Bank, N.A., and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB ("Creditor"), by and through its attorneys of record, and Dax Ramos and Glenda L Ramos-Rivera, the

- 1 -

Debtors and Debtors-In-Possession herein (the "Debtors"), by and through their attorneys of record.

The property which is the subject of this matter is commonly known as 6078 Hidden Rock Dr., North Las Vegas, NV 89031-1607 (hereinafter the "Subject Property"), which is more fully described as follows:

LOT 52 IN BLOCK 1 OF ELDORADO 3 – RCL NO. 8, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 54 OF PLATS, PAGE 7 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

On or about April 26, 2006, Debtors for valuable consideration, made, executed and delivered to Creditor a Note in the principal sum of $191,250.00 (the "Note").

On or about April 26, 2006, Debtors made, executed and delivered to Debtors a Deed of Trust (the "Deed of Trust") granting Creditor a security interest in the Subject Property. The Deed of Trust was recorded on May 2, 2006, in the Official Records of Clark County, State of Nevada.

Subsequently, Lender's beneficial interest in the Note and Deed of Trust was assigned and transferred to Creditor.

On or about August 21, 2012, Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and was assigned Bankruptcy Case No. 12-19682-MKN.

THE PARTIES STIPULATE AS FOLLOWS:

1. Creditor shall have a secured claim in the amount of $71,000.00 (the "Secured Claim") amortized over thirty (30) years at 5.5% interest per annum.

2. Creditor shall have an unsecured claim in the amount of $135,754.95 (the "Unsecured Claim"). Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

3. Debtors shall tender regular monthly principal and interest payments in the sum of $381.14 to Creditor for the Secured Claim commencing March 1, 2013, and continuing until February 1, 2043, when all such outstanding amounts under the Secured Claim are to be paid in full.

4. In addition to the principal and interest payments described in paragraph 3 of this Stipulation, Debtors shall tender six additional monthly payments of $66.63 in order to cure previous escrow advances of $399.78, commencing April 1, 2013 and continuing until all advanced escrow funds have been paid in full.

5. Debtors shall maintain real property taxes and real property hazard insurance paid current for the Subject Property, and provide proof of said insurance to Creditor on a timely basis. In the event Debtors fail to make the above tax or insurance payment, Debtors shall tender all necessary payments for any and all real property taxes and/or real property insurance advances made or to be made by Creditor. Such payment by Creditor shall not serve as a waiver of any default under the terms of this Stipulation.

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

7. In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via first class mail to Debtors at 5921 Hills Echo Street, North Las Vegas, NV 89031-1338, and to Debtors' attorney of record, Samuel A. Schwartz, at 6623 Las Vegas Blvd. So., Ste. 300, Las Vegas, NV 89119, indicating the nature of default. If Debtors fail to cure the default with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail, then Creditor, may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court.

8. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

9. In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

10. In the event the Debtors default under this Stipulation and Creditor forwards a 30-day default letter to Debtors, Debtors shall be required to tender $100.00 for each default letter

submitted, in addition to the default amount stated therein, in order to cure the default. Any notice of default that Creditor provides Debtors and/or Debtors' attorneys pursuant to this Stipulation shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

11. At the request of the Creditor, Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions of this Stipulation.

12. In the event the Debtors sell the Subject Property prior to receiving their Chapter 11 discharge, Creditor shall be entitled to exercise its rights pursuant to 11 U.S.C. §363(k) and/or 11 U.S.C. §363(f) and shall be permitted to receive proceeds from the sale of the Subject Property in an amount not less than the original outstanding balance owing under the terms of the Note. If the proposed sale for the Subject Property is less than the outstanding balance owing under the Note, then Creditor's consent must be obtained in writing prior to any such sale.

13. The terms of this Stipulation shall constitute the entire treatment of Creditor's claim may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon or modification thereof without the express written consent of the Creditor. The above terms of this Stipulation shall be deemed incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization. In the event of a conflict between this Stipulation and Debtors' Chapter 11 Plan, confirmation order or any amendments or modifications thereof, the terms of this Stipulation shall control.

14. In the event Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, to be paid at the rate and terms provided for under the Note and Deed of Trust, and the automatic stay shall be terminated without further notice, order or proceeding of the Court.

15. In the event the Debtors assert Creditor has failed to properly update its system to comply with the terms of this Stipulation within a reasonable period of time after an order is

1  entered confirming the Debtors' Chapter 11 Plan of Reorganization, which shall be no less than
2  ninety (90) days, the Debtors shall be required to provide written notice of the alleged lack of
3  compliance to Creditor and Creditor's counsel of record, Pite Duncan, LLP, at 4375 Jutland
4  Drive, Suite 200, San Diego, CA 92177, as well as electronically at avanpatten@piteduncan.com
5  and ecfnvb@piteduncan.com, indicting the nature of the alleged lack of compliance. If Creditor
6  fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the
7  Debtors' allegation after the passage of ninety (90) days from the date Creditor receives said
8  written notice (the "Meet and Confer Period") Debtors may proceed with filing the appropriate
9  motion in bankruptcy court seeking Creditor's compliance. However, provided Creditor has in
10 good faith sought to remedy Debtors' grievance during the Meet and Confer Period, Debtors
11 shall not request nor be entitled to an award of their attorneys' fees and costs nor sanctions as a
12 result of filing said motion.

13    16.    In exchange for the forgoing, this Stipulation shall constitute a ballot voting in
14 favor of the Debtors' Chapter 11 Plan of Reorganization for the Secured Claim and for the
15 Unsecured Claim.

17 Dated: January 29, 2013                /s/ Sean McClenahan
                                          SEAN E. MCCLENAHAN
18                                        Attorney for the Debtors

21 Dated: January 29, 2013                PITE DUNCAN, LLP

23                                        /s/ Ace C. Van Patten
                                          ACE C. VAN PATTEN
24                                        Attorneys for Wells Fargo Bank, N.A., s/b/m to
                                          Wachovia Mortgage, FSB a division of Wells Fargo
25                                        Bank, N.A., and formerly known as Wachovia
                                          Mortgage FSB, formerly known as World Savings
                                          Bank, FSB

- 5 -